UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-CV-08580-AB-KS | Date: | January 5, 2021 |
|---|---|---|---|

| Title: | Gerardo Villaron v. Ford Motor Company, et. al. |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Dkt. No. 10)

Before the Court is Plaintiff Gerardo Villaron's ("Plaintiff") Motion for Remand to State Court. ("Motion," Dkt. No. 10). Defendant Ford Motor Company ("Defendant") filed an Opposition ("Opp'n," Dkt. No. 13), and Plaintiff filed a Reply ("Reply," Dkt. No. 14). Finding this matter appropriate for resolution without oral argument, the Court **VACATES** the hearing set for January 8, 2020. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons below, the Court **DENIES** Plaintiff's Motion.

**I. BACKGROUND**

On August 11, 2020, Plaintiff filed this action in Los Angeles County Superior Court asserting claims for violations of the Song-Beverly Warranty Act, or California's "lemon law," in connection with his 2020 Ford Escape ("Vehicle"). (Complaint ("Compl."), Dkt. No. 1 at Ex. 1). On September 18, 2020, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Defendant's Notice of Removal ("NOR"), Dkt No. 1).

| CV-90 (12/02) | CIVIL MINUTES – GENERAL | Initials of Deputy Clerk CB |
|---|---|---|

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If any doubt exists as to the right of removal, federal jurisdiction must be rejected. *Id.* at 566–67; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Id.* at 566) ("[T]he court resolves all ambiguity in favor of remand to state court."). For an action based on diversity of citizenship, as here, the parties must be citizens of different states and the dispute must involve an amount in controversy over $75,000.00. 28 U.S.C. § 1332(a)(1).

Where a complaint "alleges damages in excess of the federal amount-in-controversy requirement . . . then the amount-in-controversy requirement is presumptively satisfied unless it appears to a legal certainty that the claim is actually for less than the jurisdictional minimum." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1049 (C.D. Cal. 2012) (internal quotations omitted); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (noting that "when a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount").

## III. DISCUSSION

Here, the only disputed issue is whether the requisite $75,000.00 amount in controversy has been satisfied for federal jurisdiction to vest. Plaintiff argues that removal was improper because Defendant has not established by a preponderance of the evidence that the controversy exceeds $75,000. (Mot. at 3–4.) Defendant responds that the jurisdictional amount in controversy is facially apparent from Plaintiff's Complaint. (Opp'n at 8.) The Court agrees with Defendant.

Plaintiff seeks to recover for Defendant's alleged violation of warranties under the Song-Beverly Act, Cal Civ. Code § 1793.2.  Actual damages under the Song-Beverly Act are the "amount equal to the actual price paid or payable by the buyer," less the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C).   Additionally, Plaintiff may seek civil penalties of twice the amount of the actual damages.   Cal. Civ. Code §§ 1794(c),(e).   When determining the amount in controversy within a Song-Beverly Act claim, the Court can include in the calculation the maximum amount of civil penalties available to plaintiff.  *Mullin v. FCA US, LLC*, CV 20-2061-RSWL-PJW, 2020 WL 2509081, at *4 (C.D. Cal. May 14, 2020); *see also Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (citing *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963)); *Saulic v. Symantec Corp.*, 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007) ("Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff.").   Further, "a court *must* include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."   *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (emphasis added); *see also Brady*, 243 F. Supp. 2d at 1011; *Guglielmino*, 506 F.3d at 700.

Here, the Complaint alleges:

The amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief.  In addition, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees.

(Compl. ¶ 13.).   Plaintiff further requests "a civil penalty as provided in Song-Beverly, in amount not to exceed two times the amount of Plaintiff's actual damages[.]" (Compl. at 9 (Prayer for Relief)).

As Defendant notes, these allegations are identical to the plaintiff's allegations in four recent automobile cases: *Bernstein v. BMW of N. Am.*, 2018 WL 2210683 (N.D. Cal. May 15, 2018), *Pristave v. Ford Motor Co.*, No. CV 20-04892-AB (EX), 2020 WL 4883878, at *1 (C.D. Cal. Aug. 20, 2020), *Astudillo-Bautista, et al. v. Ford Motor Co.*, 2020 WL 6306232 (C.D. Cal. Oct. 27, 2020), *Diaz v. Ford Motor Co.*, 2020 WL 6363836, at *2 (C.D. Cal. Oct. 29, 2020).   In

each of these cases, the court held that the amount in controversy was evident from the face of the complaint.

     Here, as in *Bernstein, Pristave, Astudillo-Bautista, and Diaz*, in addition to the $25,000 at issue, Plaintiff seeks incidental, consequential, exemplary, and actual damages, as well as attorneys' fees and costs.   As stated, Plaintiff may seek civil penalties of twice the amount of the actual damages under the Song-Beverly Act.   Cal. Civ. Code §§ 1794(c),(e).   These civil penalties would amount to $50,000 (twice the alleged damages of at least $25,000), bringing the potential damages to a minimum of $75,000, not including attorneys' fees.   Thus, as in the above cases, it is evident from the face of the Complaint that the amount in controversy exceeds $75,000.   *See McDonald v. BMW of N. Am., LLC*, 2017 WL 5843385, at *1-2 (S.D. Cal. Nov. 28, 2017) ("The complaint states that Plaintiff's damages exceed $25,000, and prays for actual damages, statutory penalties of two times actual damages, attorney's fees and punitive damages . . . BMW could have multiplied $25,001 (the minimum amount of damages alleged in the [ ]complaint) by three to determine that Plaintiff seeks, at a minimum, in excess of $75,000, not including attorney's fees or punitive damages.").

     Plaintiff makes no effort to distinguish *Bernstein, Pristave, Astudillo-Bautista, Diaz*, or *McDonald*, or to explain why the Court should depart from those analogous cases.1   Rather, Plaintiff states that paragraph 13 "serves only to establish that the amount in controversy meets the requirement for this case to be considered an unlimited civil case" in state court and "is merely a statement that the total amount in controversy is over $25,000."   (Reply at 3.)   The Complaint, however, specified that the $25,000 is "exclusive of" and "[i]n addition" to other costs and damages, making clear that these would not be subsumed within that total figure.   *See Cox v. Kia Motors Am.*, 2020 WL 5814518, at *3 (N.D. Cal. Sep. 30, 2020) (reasoning that the court denied a motion to remand in a prior auto warranty case because the plaintiff in that case alleged that "'[t]he amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS ($25,000.00),' and that in addition the plaintiff sought damages 'for incidental, consequential,

---

1 The Court notes that these cases involved near-identical complaints and motions to remand litigated by the same plaintiff's counsel herein.   That Plaintiff's counsel did not discuss these cases is a glaring omission, especially given Defendant's counsel extensive discussion of them in the Opposition.   Given Plaintiff's counsel's high volume of Song-Beverly litigation in this circuit, the Court expects counsel to take obvious steps to avoid burdening the Court with motions involving arguments that courts in this circuit have already addressed.

exemplary, and actual damages including interest, costs, and actual attorneys' fees.' The plaintiff did not argue . . . that the $25,000 figure alleged in the complaint encompassed all damages and civil penalties at issue, and in fact he made allegations expressly to the contrary."); *compare with Bourland v. Ford Motor Co.*, 2020 WL 5797915, at *3 (N.D. Cal. Sep. 29, 2020) (granting motion to remand where plaintiffs made no mention in the body of their complaint of excluding interests and costs, "and do not mention seeking 'exemplary' damages as well as attorneys' fees separately."); *see also Feichtmann v. FCA US LLC*, 2020 WL 3277479, at *3 (N.D. Cal. June 18, 2020) ("In the absence of any contradictory allegations in the Complaint, the Court accepts Plaintiff's explanation that the $25,001.00 figure represents the combined total of actual damages and civil penalties.").

Because the Complaint alleges the jurisdictional minimum on its face, and it does not appear to a "legal certainty" that Plaintiff cannot actually recover that amount, the Court finds that the amount in controversy requirement is satisfied. The Court therefore **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED**.